**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00820-MSK-DW

**AHAVA MINISTRIES, d/b/a Camp Kivu,**

   Plaintiff,

v.

**PINE RIVER IRRIGATION DISTRICT,**

   Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR**
**TEMPORARY RESTRAINING ORDER**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(# 22)**.

According to the Complaint **(# 1)** (which is not verified), the Plaintiff operates a religiously-oriented summer day camp near to the Vallecito Reservoir in La Plata County, Colorado. The reservoir is managed by the Defendant. In 2004, the Plaintiff entered into a contract with the Defendant to permit the Plaintiff to build and use a boat dock on the reservoir. The Plaintiff uses the dock both for launching and landing various watercraft used by campers and counselors, for various congregational activities, and for storage purposes, among other things. The Plaintiff pays an annual fee of $3,000 to the Defendant under the terms of the contract.

On October 19, 2013, the Defendant wrote to the Plaintiff, advising the Plaintiff that it was terminating the contract, effective November 1, 2012. The Defendant's stated grounds for termination were the Plaintiff's violation of state and federal laws concerning boating safety by, among other things, "engaging in unsafe swimming and boating practices." The Plaintiff disputed the allegations and invoked its contractual right to cure. The Court need not recount the parties' subsequent exchanges, except to note that the parties were unable to resolve the matter, and on January 24, 2013, the Defendant wrote to the Plaintiff, demanding that the dock be removed by April 1, 2013.

The Plaintiff commenced this action on March 29, 2013, alleging several causes of action, including breach of contract, claims under 42 U.S.C. § 1983 sounding in a violation of the Plaintiff's substantive due process and equal protection rights, and violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* The Defendant has appeared in the action and filed a motion to dismiss **(# 16)**, which remains pending.

On May 30, 2013, the Plaintiff filed the instant motion, seeking a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) and a preliminary injunction pursuant to Rule 65(a). It contends that its camp season begins on June 2, 2013, and that "as the date quickly approached, Defendant deliberately locked [the Plaintiff] out" of the dock facility.[1] The Plaintiffs contend that the loss of the use of the dock will result in irreparable injury to it in a variety of ways. It states that its promotional materials promise use of the dock and that its planned curriculum and

---

[1] The Court notes that although the Plaintiff has submitted certain affidavits and other evidentiary material in support of its motion, none of that material addresses, much less elaborates upon, the contention that the Defendant has recently "locked [the Plaintiff] out" of the dock.

2

activities schedule anticipate use of the dock, such that a deprivation of access will result in disruption to its business activities and loss of customer goodwill.  It alleges that weather conditions on the reservoir can be unpredictable, and forcing the Plaintiff to use alternative means to launch and land its boats (*e.g.* "by trailer form a meager, questionably maintained boat ramp") exposes its customers to increased risk of harm.  It also contends that, due to "intimidation of patrons, incidences of refusal of services, and unpredictable conduct" by the owner of the only other public dock on the reservoir, "there is no other safe, reliable, adequate, or appropriate alternative" for dock services.

A party seeking a temporary restraining order on an *ex parte* basis is required to first satisfy two procedural requirements: (i) it must set for "specific facts in an affidavit or verified complaint" that show that irreparable injury will arise "before the adverse party can be heard in opposition," and (ii) its counsel must "certif[y] in writing any efforts made to give notice [to the opponent] and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(A), (B).  In addition, many courts (including this one) have required that the movant also make a showing of the general elements of injunctive relief – namely: (i) that it will suffer an irreparable injury unless the injunction issues; (ii) the threatened injury outweighs whatever damages the injunction might cause to the non-movant; (iii) that the requested relief is not adverse to the public interest; and (iv) that the movant has a substantial likelihood of succeeding on the merits of its case.  *See Goldenhersh v. Aurora Loan Servs., LLC*, 2010 WL 3245166 (D. Colo. Aug. 16, 2010).

The Court finds that the Plaintiff has failed to make the threshold procedural showing required by Rule 65(b)(1)(A) and (B) for several reasons.  First, the Court notes that the Complaint is not verified, and although the Plaintiff has attached affidavits in support of its

motion for temporary restraining order, those affidavits address only limited and peripheral issues: the brief affidavit of Andrew Braner states only that the Plaintiff "has not been able to secure a buoy from" the other public dock and offers a conclusory assertion that the Plaintiff "has experienced unequal treatment in its use of" the reservoir, and the affidavit of Byron Fisher states only that he was denied gas for one of the Plaintiff's boat by the other public dock's owner in 2011, that in Mr. Fisher's largely conclusory opinion, "there is no other safe alternative" to the Plaintiff's dock, and that the Plaintiff stores emergency equipment at its dock. Missing from the Plaintiff's evidentiary submissions are many of the factual assertions necessary to "clearly show" an imminent irreparable harm as required by Rule 65(b)(1)(A), such as the availability of other dock facilities, both public <u>and</u> private, and the reasonable efforts that the Plaintiff has made to secure its use of such facilities; facts clearly demonstrating the alleged "safety risks" posed by using the boat ramp for launching and landing boats, and why the Plaintiff cannot readily ameliorate those risks; and any facts whatsoever addressing the alleged customer expectations and potential loss of goodwill that will result from loss of use of the dock, among other issues.

Second, the Court finds that the Plaintiff has failed to adequately show "reasons why [notice to the Defendant] should not be required" before a restraining order issues, as required by Rule 65(b)(1)(B). The docket contains a filing by the Plaintiff entitled "Information for Temporary Restraining Order" **(# 26)** that includes an indication that the Plaintiff gave notice of its motion to the Defendant, by "email and phone," on May 30, 2013. But left unaddressed by the Plaintiff is a more vexing question of why the Plaintiff waited until the eve of its camping season to seek emergency relief on an *ex parte* basis. As noted above, the record indicates that the Plaintiff has been on notice since at least January 2013 that the Defendant was conclusively

4

refusing the renew the dock permit for the summer 2013 session, and indeed, that the Defendant had insisted that the Plaintiff remove its dock by April 1, 2013. The Plaintiff commenced this action on March 29, 2013, suggesting that it was aware even by that date that its ability to use the dock for the summer season was jeopardized. Given that it has been apparent to the Plaintiff for many months that injunctive relief might be necessary to secure its use of the dock for the current camping season, there is no apparent reason why the Plaintiff failed to avail itself of the opportunity to timely move for preliminary injunctive relief, <u>on notice</u> to the Defendant, well in advance of the opening of the camping season. Absent a showing of facts demonstrating an unexpected, late-breaking turn of events that forced the Plaintiff to proceed on an emergency *ex parte* basis, the Court cannot say that the instant record is sufficient to satisfy the requirements of Rule 65(b)(1)(B).

For these reasons, the Court **DENIES** that portion of the Plaintiff's motion **(# 22)** that requests a temporary restraining order under Rule 65(b).

For purposes of the Plaintiff's request for a preliminary injunction, the Court finds it appropriate to refer to the matter to the Magistrate Judge[2] to conduct an evidentiary hearing and make recommendations[3] for the disposition of that aspect of the Plaintiff's motion, pursuant to 28 U.S.C. § 636(b)(1)(B). The parties shall jointly contact the Magistrate Judge's chambers at

---

[2] The Plaintiff has moved **(# 25)** to have the Magistrate Judge be designated to conduct any evidentiary hearing on the request for injunctive relief, owing to the Magistrate Judge's superior geographic proximity to the parties and witnesses. That motion, which the Defendant does not oppose, is **GRANTED**.

[3] The parties may, of course, elect to conserve time and money by consenting to the Magistrate Judge conclusively determining the motion for preliminary injunction (or even the entire case), pursuant to 28 U.S.C. § 636(c). Should both parties register such consent in writing, this Court specifically designates the Magistrate Judge to exercise jurisdiction over the proceedings in the action to the maximum extent conferred by the parties' consent.

their earliest possible opportunity to schedule such a hearing. The Defendant shall file a written response to the motion for preliminary injunction at least 7 days prior to the date of the hearing or on such earlier date as the Magistrate Judge may direct.

Dated this 31st day of May, 2013.

**BY THE COURT:**

*(signature)*

Marcia S. Krieger
Chief United States District Judge